**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DANIELLE L. ANTONELLI,

      Plaintiff,

v.

GLOUCESTER COUNTY HOUSING
AUTHORITY, MORGAN COX, JANICE
FREER, JESSICA LANE, and
WALTER NORRIS,

      Defendants.

1:17-cv-9718 (NLH/KMW)

**MEMORANDUM**
**OPINION & ORDER**

**APPEARANCES:**

DANIELLE L. ANTONELLI
410 BROAD ACRES DRIVE
CLEMENTON, NJ 08021
    Appearing pro se

**HILLMAN**, District Judge

WHEREAS Plaintiff Danielle Antonelli, appearing pro se, filed a complaint on October 27, 2017 against the Gloucester County Housing Authority, Morgan Cox, Janice Freer, Jessica Lane, and Walter Norris; and

WHEREAS Plaintiff claims she was subject to discrimination on the basis of her disability and asks for relief under the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act; and

WHEREAS Plaintiff has filed an application to proceed

without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Security, No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS pro se complaints must be construed liberally, and

2

all reasonable latitude must be afforded the pro se litigant,

Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants

"must still plead the essential elements of [their] claim and

[are] not excused from conforming to the standard rules of civil

procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)

("[W]e have never suggested that procedural rules in ordinary

civil litigation should be interpreted so as to excuse mistakes

by those who proceed without counsel."); Sykes v. Blockbuster

Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se

plaintiffs are expected to comply with the Federal Rules of

Civil Procedure); and

WHEREAS Plaintiff does not provide any facts linking her

claimed injuries to her unidentified disability, nor does

Plaintiff provide sufficient factual allegations to support her

claim that the cited statutes were violated by Defendants; see

generally Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-

50 n.3 (1984) ("Although the Federal Rules of Civil Procedure do

not require a claimant to set forth an intricately detailed

description of the asserted basis for relief, they do require

that the pleadings 'give defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests.'"

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))); and

WHEREAS the Court therefore finds Plaintiff's complaint is

deficient; and

THEREFORE,

IT IS on this ___6th___ day of _____February_____, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-2) is hereby **GRANTED**, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety; and it is further

ORDERED that Plaintiff may move to reopen her case within twenty days from the date of this Order, attaching to any such motion a proposed amended complaint[1] which addresses the deficiencies of the original complaint as described herein; and it is further

ORDERED that the Clerk of the Court shall mark this case **CLOSED.**


                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[1]    When an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.